IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY GLEN DAVIS,

                     Plaintiff,                           OPINION AND ORDER

     v.

                                                    10-cv-244-slc[1]

TIMOTHY ZUBERBIER,

                     Defendant.

---

This is plaintiff Ricky Glen Davis's second proposed civil action for monetary relief in which he alleges judicial misconduct by an administrative law judge. In *Davis v. Schacht*, 10-cv-183-slc, the court dismissed plaintiff's claim because Judge James Schacht was entitled to qualified immunity for the judicial acts being challenged.

In *Schacht*, the court decided that plaintiff was indigent and that his motion to disqualify Magistrate Judge Crocker was moot. For the reasons stated in that case, the court makes the same findings here.

In this case, plaintiff alleges that state administrative law judge Timothy Zuberbier engaged in judicial misconduct with respect to a matter before him in which Davis was a party. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Because plaintiff is requesting leave to proceed without prepayment of costs, as in *Schacht*, the complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

---

[1] For the purpose of issuing this order, Judge Conley is acting for the court.

ALLEGATIONS OF FACT

In his complaint and attachments, Davis alleges and the Court assumes for purposes of this screening order the following facts:

- Plaintiff Ricky Glen Davis is an adult resident of Wisconsin.  Defendant Timothy Zuberbier is an administrative law judge employed by the Wisconsin Department of Workforce Development.

- Davis had a unemployment insurance case before defendant Zuberbier.  Zuberbier excused Davis's one witness, Jane Koepp, from testifying at the hearing in his case even though a subpoena had been served on her.

- In addition, Zuberbier rescheduled a hearing due to the unavailability of the employer's representative.

OPINION

Giving plaintiff the benefit of the doubt, he appears to allege that defendant Zuberbier engaged in judicial misconduct by excusing a witness  Davis had subpoenaed and by rescheduling a hearing.  While it does not appear, as Davis suggests, that either act was unlawful, "[t]he absolute immunity enjoyed by judges for judicial actions taken in accordance with their jurisdictional authority extends to other officials, including [administrative law judges], when they perform functions that are closely associated with the judicial process." *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (internal quotation omitted).  Both of administrative law judge Zuberbier's challenged actions -- excusing a witness from testifying at a hearing and rescheduling a hearing -- were quitensely judicial in

nature.  Accordingly, plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed.

To the extent that Davis has any basis to challenge the *judicial* action of a state court or administrative law judge, his remedy is to appeal the action through the state court system, not attempting to conflate an essentially procedural challenge into a federal case.

ORDER

IT IS ORDERED that:

1.  Plaintiff Ricky Glen Davis's motion to disqualify Magistrate Judge Crocker is DENIED as moot.

2.  Davis's request to proceed *in forma pauperis* is DENIED and this case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.  The clerk of court is directed to enter judgment and close this case.

Entered this 3rd day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge